UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KENNETH ALAN MCKINNEY, | ) | |
|---|---|---|
| | ) | Case No. 2:19-cv-174 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| WASHINGTON COUNTY, SHERIFF ED | ) | |
| GRAYBEAL, CPT. HENSLEY, SGT. | ) | |
| PETERSON, LT. KETCHER, TONYA | ) | |
| WHEAT, JOHN DOE, and | ) | |
| JANE DOE, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's complaint under 42 U.S.C. § 1983 (Doc. 2) and motion for leave to proceed *in forma pauperis* (Doc. 1).

## I. FILING FEE

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) will be **GRANTED**.

Because Plaintiff is an inmate in the Washington County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Dept Street, Suite 200, Greeneville, Tennessee, 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the

custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.     SCREENING

### A.     PLAINITFF'S ALLEGATIONS

Plaintiff contends that the Washington County Detention Center lacks an "adequate law library," and that Defendants refuse him the "counsel of other inmates." (Doc. 2, at 3–4.) He also maintains that Defendants refuse to make copies of legal documents that he has submitted in his cases pending before the Washington County Criminal Court. (*Id*. at 4–5.) He asks the Court to award him monetary damages for Defendants' interference in his ability to prepare a defense against his pending criminal charges. (*Id*. at 5.)

### B.     SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by

2

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

C. **ANALYSIS**

Prisoners have a limited constitutional right to access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977). The primary focus is access, not limitations placed on legal assistance. *See, e.g.*, *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (rejecting claim that inmates are guaranteed certain amount of time in library). In fact, a law library is not a constitutional requirement; it is just one acceptable means of ensuring that inmates have

meaningful access to the courts. *See, e.g., Bounds*, 430 U.S. at 830–32. Moreover, regardless of the means chosen by a facility to ensure access, a prisoner must demonstrate that he suffered some prejudice as a result of the facility's inadequacies in order to state a viable claim for the denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

Plaintiff's complaint omits reference to the type of charges pending against him, or whether he has counsel to assist him in those proceedings. Regardless, Plaintiff's complaint makes it clear that he has been afforded an opportunity to file motions with the Washington County Criminal Court in his pending cases. (*See* Doc. 2, at 4.) While Plaintiff expresses dissatisfaction with the assistance he has received from the Washington County Detention Center, he does not allege that he was prevented from filing a meritorious claim, or that he lost the ability to pursue a claim due to some delay created by impediments to court access. Therefore, Plaintiff has not demonstrated that he has been prejudiced by any inadequacies in the facility's law library, the restrictions placed on his ability to seek the advice of other inmates, or on Defendants' failure to make copies of his legal documents. *See, e.g.*, *Wilson v. Becker*, 69 F. App'x 669, 670 (6th Cir. 2003) (holding that absent actual prejudice to inmate in pursuing litigation, failure to copy and deliver legal materials does not violate right of access to courts). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and this action will be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**